UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL BRANDON THOMPSON,

Plaintiff,

v.                                              CAUSE NO. 3:20-CV-317-JD-MGG

LAWSON, et al.,

Defendants.

<u>OPINION AND ORDER</u>

Michael Brandon Thompson, a prisoner without a lawyer with gender
dysphoria, filed a complaint against Warden Lawson, RN Alice, Mental Health Doctor
Vanderstoop, and Mental Health Doctor Platez. A filing by an unrepresented party "is
to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be
held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.
Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,
pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint
and dismiss it if the action is frivolous or malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief against a defendant who is immune
from such relief.

Thompson was diagnosed with gender dysphoria while incarcerated in Michigan
and received feminizing hormones while incarcerated there. However, when released
from prison, Thompson could not find a doctor to manage the condition, so Thompson
instead purchased the hormones off the internet. When later incarcerated at the St. Joseph

County Jail, RN Alice, Mental Health Doctor Vanderstoop, and Mental Health Doctor Platez each refused to treat Thompson and denied access to hormones. One of the mental health doctors named as a defendant here (it's unclear which one) told Thompson that it is his job to treat people with mental disorders, not people who are confused in life.

   Thompson had not spoken to Warden Lawson about these concerns when the complaint was signed. Yet, Warden Lawson allegedly told medical staff that they had talked and agreed that hormone treatment would not occur because Thompson was going to be sent back to the Michigan Department of Correction soon. Thompson denies that this conversion occurred. The complaint also asserts that Thompson could remain at the LaPorte County Jal for a year or more.[1] Meanwhile, medical staff refused to provide Thompson with any medical or mental health care for gender dysphoria.

   In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v.*

---

[1] Thompson has returned to Michigan and notified the court of a change of address in July 2020.

*Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008). Here, Thompson has identified a medical condition requiring treatment that has long been recognized as serious. *See Mitchell v. Kallas*, 895 F.3d 492, 496 (7th Cir. 2018); *Fields v. Smith*, 653 F.3d 550, 553 (7th Cir. 2011); *Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987).

Inmates with gender dysphoria are not entitled to a particular form of treatment, but an inmate states a claim under the Eighth Amendment by alleging that the defendants have refused all medical treatment for the condition. *Meriweather,* 821 F.2d at 413. Furthermore, the defendants "cannot bide their time and wait for an inmate's sentence to expire before providing necessary treatments." *Mitchell v. Kallas*, 895 F.3d 492, 496 (7th Cir. 2018). When the allegations of the complaint are accepted as true, as they must be at this stage of the case, Thompson has alleged facts from which it can be plausibly inferred that both the medical staff and Warden Lawson have denied any treatment whatsoever for gender dysphoria. Thus, Thompson may proceed on this claim against the defendants in their individual capacities for monetary damages.[2]

---

[2] Because Thompson is no longer at the St. Joseph County Jail, injunctive relief is not available.

For these reasons, the court:

(1) GRANTS Michael Brandon Thompson leave to proceed against Warden Lawson, RN Alice, Mental Health Doctor Vanderstoop, and Mental Health Doctor Platez in their individual capacities for monetary damages for denying constitutionally adequate medical care for Thompson's gender dysphoria;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Lawson, RN Alice, Mental Health Doctor Vanderstoop, and Mental Health Doctor Platez at the St. Joseph County Sheriff's Department with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Lawson, RN Alice, Mental Health Doctor Vanderstoop, and Mental Health Doctor Platez respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 15, 2020

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT